## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Michelle Unique Miller, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| State of North Dakota, et al. | ) | |
| | ) | Case No. 1:26-cv-075 |
| Defendants. | ) | |

Plaintiff is an inmate at the Dakota Corrections and Rehabilitation Center in New England, North Dakota. (Doc. No. 1-2).  She initiated the above-captioned action on March 17, 2026, with the submission of, among other things, an Application to Proceed *In Forma Pauperis* and a document captioned "Petition for Civil Action Summary No Third Party Claims." (Doc. Nos. 2 and 3). The court construes the latter as Plaintiff's proposed complaint, which is it currently screening as required by 28 U.S.C. § 1915A.

On April 9, 2026, Plaintiff filed what the court construes as a motion to compel discovery. (Doc. No. 9).  On April 10, 2026, Plaintiff filed: (1) a motion to compel electronic discovery (Doc No. 10); (2) a motion to compel the production of medical records (Doc No. 11); (3) a motion to compel the State of North  Dakota to comply with her first and second requests for production of electronic discovery (Doc. No. 12); (4) a motion requesting the court to schedule a Rule 16 conference (Doc. No. 13); and (5) what the court construes as a motion for the issuance of a summons.  (Doc. No. 14).[1]

Statute mandates that, prior to ordering service of a prisoner's complaint on the named

---

[1]  This last motion is captioned "summons for expungement" and contains, inter alia, a demand of  $247 billion in damages for various torts pursuant to N.D.C.C. § 32-03-20. (Doc. No. 14).

defendants, the court must first screen the prisoner's complaint to determine whether it contains any cognizable claims.  See 28 U.S.C. § 1915A.  If the complaint survives the initial screening in whole or in part, the court will instruct the Clerk's office to serve the complaint on the named defendants, who will then have a chance to file an answer or otherwise respond.  Once all of the defendants have responded, the court will then direct the parties to submit proposed scheduling and discovery plans for its review and schedule a Rule 16 conference. Following the Rule 16 conference, the court will issue a scheduling and discovery order.  See Fed. R. Civ. P. 16(b)(1).  In the interim, discovery is not generally permitted.  Cf. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

Here, the court has yet to complete its screening of Plaintiff's application and proposed complaint much less order the defendants to answer or otherwise respond.  Consequently, the court finds that Plaintiff's motions to compel and motion requesting a Rule 16 conference are premature. Plaintiff's motions to compel (Doc. Nos. 9, 10, 11, and 12) and motion requesting a Rule 16 conference (Doc. No. 13) are therefore **DENIED** without prejudice.  No discovery shall be permitted pending further order of the court.

Insofar as Plaintiff may be requesting that summonses be issued for the defendants, her request (Doc. No. 14) is **DENIED** without prejudice.  Again, the court has yet to screen Plaintiff's application and proposed complaint.   If the complaint survives initial screening, the court will instruct the Clerk's office to serve it on the named defendants.

**IT IS SO ORDERED.**

Dated this 13th day of April, 2026.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court